| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI | | |
| MIGDALIA LÓPEZ GÓMEZ<br><br>PETICIONARIA<br><br>V.<br><br>JOSÉ A. GONZÁLEZ HERNÁNDEZ Y OTROS<br><br>RECURRIDOS | KLCE202400231 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>K PE2013-3300<br><br>Sala:907<br><br><br>Sobre:<br><br>INJUNCTION |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Comparece, Migdalia López Gómez (en lo sucesivo, "la peticionaria"), mediante el recurso de epígrafe. Ello, a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 23 de enero de 2024 y notificada el 24 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro recurrido declaró *Ha Lugar* la solicitud de ejecución de sentencia presentada por la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (en adelante, por sus siglas, "AEELA").

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de *certiorari.*

Los hechos ante nuestra consideración tienen su origen el 31 de julio de 2013. En la referida fecha, la peticionaria fue despedida del cargo que ocupaba dentro de la AEELA. En desacuerdo, la peticionaria presentó una causa de acción contra la directiva de la Asamblea de Delegados, el pleno del Comité Ejecutivo, la Lcda. Blanca Medina de Garau y la AEELA. El pleito instado versó sobre la Ley sobre Despidos

Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA, sec. 185a et. seq; Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio 1959, según enmendada, 29 LPRA, sec. 146, et. seq; Ley contra Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial, Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29 LPRA, sec. 194, et. seq; violación al debido proceso de ley; interdicto preliminar y permanente.

Luego de la celebración de la vista en su fondo, el 27 de marzo de 2014, el foro recurrido emitió una "*Sentencia Parcial.*" Mediante la cual, se declaró *Ha Lugar* la solicitud de interdicto preliminar presentada por la peticionaria. Tras varios incidentes procesales que no son pertinentes a la controversia que nos ocupa, el 9 de junio de 2020, el foro recurrido emitió una "*Sentencia.*" A través de esta, entre otras cosas, el tribunal de instancia dejó sin efecto la "*Sentencia Parcial*" dictada. Posteriormente, el 16 de octubre de 2023, la AEELA presentó una "*Moción sobre Ejecución de Sentencia y depósito de pago por concepto de honorarios de abogado.*" En síntesis, en su escrito adujo que la peticionaria le adeuda la cantidad de $68,577.97. Además, en su moción informó al tribunal recurrido que estaría depositando la cantidad de $31,758.88 en concepto de honorarios de abogado.

En respuesta, el 22 de noviembre de 2023, la peticionaria presentó escrito intitulado "*Moción de Reconsideración o Moción en Oposición de la Moción en Ejecución de Sentencia presentada por la demandada y solicitud de pago de mesada a la demandante, sin deducciones, y con el interés legal correspondiente, conforme a derecho.*" Mediante esta, entre otras cosas, peticionó al foro recurrido que declara *No Ha Lugar* la solicitud de devolución de sumas monetarias esbozadas en la "*Moción sobre Ejecución de Sentencia y depósito de pago por concepto de honorarios de abogado,*" presentada por AEELA.

Así las cosas, el 24 de enero de 2024, el tribunal de instancia notificó la "*Resolución y Orden*" recurrida. En dicho dictamen, el foro de origen declaró *Ha Lugar* la "*Moción sobre Ejecución de Sentencia y depósito de pago por concepto de honorarios de abogado,*" presentada por la AEELA. Inconforme, el 8 de febrero de 2024, la peticionaria presentó escrito intitulado "*Moción de Reconsideración relacionada con Moción de Ejecución presentada por la demandada y con Moción bajo la Regla 49.2 de las de Procedimiento Civil presentada por la demandante.*" Acto seguido, el 12 de febrero de 2024, la peticionaria presentó "*Moción Informativa y Solicitud de Orden.*" En esencia, le solicitó al foro recurrido que se expresara aceptando su escrito del 8 de febrero de 2024 como una reconsideración a la "*Moción sobre Ejecución de Sentencia y depósito de pago por concepto de honorarios de abogado,*" presentada por la AEELA.

Antes que el foro recurrido atendiera la reconsideración de la peticionaria, el 23 de febrero de 2024, la referida peticionaria compareció ante nos mediante una "*Solicitud de Certiorari.*" En su recurso expuso los siguientes señalamientos de error:

> **PRIMER SEÑALAMIENTO DE ERROR:** Erró el Tribunal de Primera Instancia al declarar "Con Lugar" la Moción de Ejecución presentada por la parte demandada en vista que tal acción contraviene la Sentencia más recientemente emitida por este Tribunal de Apelaciones en el caso entre las mismas partes KLAN2020-937 que especifica que es "Ley del Caso" lo que confirmara el Tribunal de Apelaciones en el caso previo KLAN2014-569 cuando confirmó las órdenes que forman parte de la Sentencia Parcial de 2014 donde, inclusive, este Honorable Tribunal de Apelaciones en el caso KLAN2020-937 especificó que el Tribunal de Primera Instancia estaba obligad[o] a seguir lo resuelto y confirmado previamente en el caso, a favor de la demandante, para mantener el **statu quo**, según ordenado. La "devolución" de las sumas según solicitadas por la demandada tiene el efecto de menoscabar el **statu quo** que había ordenado se debía mantener en el caso, a partir del **1 de agosto de 2013**, en adelante, decisión que fue ratificada de manera expresa por este Honorable Tribunal en su más reciente Sentencia en el caso KLAN2020-937.
>
> **SEGUNDO SEÑALAMIENTO DE ERROR**: Erró el Tribunal de Primera Instancia al declarar "Con Lugar" la Moción de Ejecución presentada por la demandada AEELA en el presente caso puesto que la petición está desprovista

de Sentencia alguna que la sostenga, producto de los procedimientos habidos en el caso, de manera patentemente contraria al debido proceso de ley según consta en el propio texto de la **Regla 51 de las de Procedimiento Civil**, la cual regula este Procedimiento Post-Sentencia. No se tomó en consideración que desde que se emitió la Sentencia Parcial de 2014 se especificó que la demandante era "acreedora" a la mesada, así como a los "remedios adicionales a la mesada" por lo que desde el 2014 había quedado claro que la mesada no iba a ser remedio exclusivo en el presente caso.

**TERCER SEÑALAMIENTO DE ERROR:** Erró el TPI al declarar "Con Lugar" la "moción de ejecución" presentada por la demandada AEELA no solamente en actuar de manera contraria a la "Ley del Caso" que este Honorable TA en el caso KLAN2020-937 resolvió expresamente que la demandada AEELA estaba obligada a cumplir, sino que los pagos consignados y efectuados por la demandada a favor de la demandante, según ordenados, no constituyen pagos voluntarios que el patrono demandado haya realizado a la mesada que se puedan acreditar a la misma, de manera consistente con lo resuelto por el Tribunal Supremo de Puerto Rico en el caso Vélez v. Baxter Healthcare, 2010 TSPR 110, ni tampoco es consistente la "devolución" en vista que en caso que aplicara algún exceso (lo que negamos) puesto que la consecuencia no sería la "devolución," sino que la empleada estaría obligada a pagar contribuciones sobre ingresos sobre la misma, no como si fuera parte de la mesada.

**CUARTO SEÑALAMIENTO DE ERROR**: Erró el TPI al declarar "Con Lugar" la "moción de ejecución" de la demandada sin tomar en consideración que la mesada fue concedida desde que se emitió la Sentencia Parcial de 2014 resolviendo en todas sus partes la causa de acción relacionada con el despido ilegal, y que dicha mesada acumulaba intereses legales mandatorios a favor de la demandante no solamente desde que se concedieron, sino desde la fecha en que se presentó la demanda en el caso **el 5 de junio de 2013,** según expresamente resuelto en la misma como otro de los asuntos resueltos de manera final en cuanto a las sumas concedidas en la Sentencia Parcial de 2014 por la conducta contumaz y temeraria de la demandada, puesto que también en el caso Vélez v. Baxter Healthcare, 2010 TSPR 110, el Tribunal Supremo de Puerto Rico resolvió que los intereses legales mandatorios en caso de mesadas se reconocen desde su concesión, sino que sea necesario para que se considere líquido y exigible la mesada incluir el cálculo aritmético para su cálculo de la mesada para que comiencen a ser exigibles los intereses.

El 28 de febrero de 2024, emitimos una "*Resolución.*" Mediante esta, entre otras cosas, le concedimos a la AEELA un término de treinta (30) días para que presentara su alegato en oposición. El 11 de marzo de 2024, la referida parte compareció por medio de un escrito intitulado "*Solicitud de Desestimación al amparo de la Regla 83(B)(1) del*

*Reglamento del Reglamento del Tribunal de Apelaciones.*" En síntesis, junto a su petitorio incluyó una "*Resolución*" emitida el 5 de marzo de 2014 por el foro recurrido. En esta determinación, dicho foro declaró *No Ha Lugar* la "*Moción de Reconsideración relacionada con Moción de Ejecución* presentada *por la demandada y con Moción bajo la Regla 49.2 de las de Procedimiento Civil presentada por la demandante*," presentada por la peticionaria.

Con el beneficio de la comparecencia de ambas partes, procedemos a evaluar los asuntos traídos ante nuestra consideración.

**II**

**A**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013); *CBS Outdoor v. Billboard One, Inc., et al.,* 179 DPR 391, 403-404 (2010). Cuando un Tribunal de Apelaciones carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). De la misma forma, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, págs. 883-884. Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 884. Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, supra, pág. 883; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883. Por último, es menester resaltar que la Regla 83(B)(1) y (C) del Reglamento del Tribunal de

Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (C), nos faculta, por iniciativa propia o ante la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**III.**

Es norma reiterada, que una parte adversamente afectada por una orden o resolución puede presentar una moción de reconsideración dentro del término de quince (15) días contados a partir de la notificación de dicha orden o resolución. Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 47. En el presente caso, oportunamente el 8 de febrero de 2024, la peticionaria presentó un escrito de reconsideración ante el tribunal de instancia. Ello, en aras de que el foro recurrido reexaminara la "*Resolución y Orden*" que se había notificado el 24 de enero de 2024. A pesar de que la aludida reconsideración se presentó dentro del término reglamentario dispuesto para su presentación, la peticionaria recurrió a este Foro antes de que el tribunal de instancia adjudicara la moción presentada. Esto nos impide tener autoridad para atender los méritos de la controversia.

Nuestro ordenamiento procesal civil establece que una moción de reconsideración interrumpe el término para recurrir en alzada hasta que el foro recurrido resuelva dicha moción y notifique su determinación. Reglas de Procedimiento Civil de Puerto Rico, supra. Siendo así, el 23 de febrero de 2024, la peticionaria acudió prematuramente a este Tribunal. Ello, dado que, en dicha fecha su reconsideración no había sido resuelta por el foro recurrido. Por tanto, forzosamente debemos desestimar el recurso presentado, por este no cumplir con los requisitos jurisdiccionales pertinentes para su efectivo perfeccionamiento.

**IV.**

Por los fundamentos expuestos, *desestimamos* el presente auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones